## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE RODDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-670-M |
| ) | |
| JOHN HANCOCK FINANCIAL ) | |
| SERVICES, INC. EMPLOYEE ) | |
| WELFARE PLAN, formerly known as ) | |
| John Hancock Mutual Life Insurance ) | |
| Company Employee Welfare Plan, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court are plaintiff's Motion & Opening Brief Regarding Standard of Review [docket no. 38] and defendant's Opening Brief Regarding Standard of Review [docket no. 39]. Both plaintiff and defendant have filed responses to the above-referenced briefs, and the matter is now ripe for the Court's determination.

Plaintiff was formerly employed by John Hancock Mutual Life Insurance Company ("John Hancock") and participated in its long term disability program. Plaintiff became disabled in 1994 and received long term disability benefits from 1995 through May 2, 2005, when benefits were terminated after defendant concluded that plaintiff was no longer disabled. Plaintiff has filed the instant action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking reinstatement of benefits, back benefits plus interest, attorney's fees and costs.

Plaintiff asserts that this Court should use a *de novo* standard of review because Integrated Disability Resources, Inc. ("IDR")[1] was not properly vested with discretionary authority and that the party properly vested with discretionary authority, John Hancock, did not exercise its authority. Alternatively, plaintiff asserts that if the Court uses an arbitrary and capricious standard of review, deference to IDR's decisions should be substantially diminished due to serious procedural irregularities in the processing of plaintiff's claim. Defendant asserts that the applicable standard of review to be applied in this matter is an arbitrary and capricious standard without a reduction in deference.

I.   Delegation of authority to IDR

When an ERISA plan grants a plan administrator or its delegate discretion in administering the plan, a court reviews the plan administrator/delegate's decision under the arbitrary and capricious standard. *Gaither v. Aetna Life Ins. Co.*, 394 F.3d 792, 801 (10th Cir. 2004) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). However, "[w]here an unauthorized party makes the determination, a denial of plan benefits is reviewed under the de novo standard." *Sharkey v. Ultramar Energy Ltd., Lasmo PLC, Lasmo (Aul Ltd.)*, 70 F.3d 226, 229 (2d Cir. 1995). Plaintiff does not dispute that the John Hancock Financial Services, Inc. Employee Welfare Plan, formerly known as the John Hancock Mutual Life Insurance Company Employee Welfare Plan ("Plan"), grants John Hancock, the plan administrator, discretion in administering the Plan. Plaintiff, however, contends that John Hancock did not properly delegate its discretionary authority to IDR.

---

[1] IDR is an independent third-party claim appeal administrator which purportedly exercised discretion to terminate plaintiff's long term disability claim and denied plaintiff's appeal.

The Plan provides:

> 3.1 The Company shall be the named fiduciary and the administrator of the Plan for purposes of the Employee Retirement Income Security Act of 1974 (ERISA) and shall have the authority to control and manage the operation and administration of the Plan. . . . The Company shall interpret the Plan and determine all questions arising under it. Any such determination by the Company shall be binding on all persons affected thereby.
>
> 3.2 In carrying out its fiduciary and administrative responsibilities under the Plan, the Company may, through its Board of Directors,
>
> (A) designate other persons as named fiduciaries with respect to particular matters of administration or operation of the Plan;
> (B) enter into agreements with any or all of such named fiduciaries or authorize them among themselves to enter into agreements for the allocation of fiduciary responsibilities among some or all of the named fiduciaries;
> (C) allocate such of its responsibilities as it deems appropriate to any person or persons;
> (D) designate any person or persons to carry out such responsibilities whether or not fiduciary in nature;
> (E) employ one or more persons to render advise with regard to such responsibilities.

Administrative Record [docket no. 35] at CL-00914.

In 2003, John Hancock and IDR entered into a Claim Appeal Fiduciary Agreement ("Fiduciary Agreement"). The Fiduciary Agreement was executed by Peter Mongeau, a Senior Officer and Second Vice President for John Hancock. The Fiduciary Agreement provides that IDR

> shall have sole and absolute discretion in performing all functions relative to the administration of claims under the Policy, including without limitation the following:

3

   1.  initial determination of merits of benefits claims;

   2.  payment of meritorious claims;

   3.  in the case of denied claims, notifying the claimant in writing of the denial, the reason for the denial of the claim (with reference to the specific Policy provision on which the denial is based) and notifying claimant of his or her right to appeal for a review of the claim;

   4.  maintaining a formal procedure for reviewing appeals of denied claims; and

   5.  making final determinations on appealed claims and notifying the claimant of the results and the basis for the results.

Administrative Record at CL-00852-853. The Fiduciary Agreement further provides:

> In connection with the services to be provided under this Agreement, [IDR] shall have the authority to make a final determination with respect to the interpretation of the terms of the Plan. . . . [IDR] shall be entitled to exercise discretion in good faith when performing services hereunder, and the decisions of [IDR] shall be upheld absent any arbitrary and capricious action on the part of [IDR].

Administrative Record at CL-00853.

   Plaintiff asserts for there to be a proper delegation of discretionary authority, the Plan requires John Hancock's Board of Directors to actually make the delegation. Plaintiff further asserts that there was no action by John Hancock's Board of Directors authorizing the fiduciary responsibility delegation to IDR.

   Defendant, however, contends that the delegation of fiduciary responsibilities to IDR was authorized by John Hancock's Board of Directors. Specifically, defendant attaches to its response a copy of a February 11, 2002 resolution of the Board of Directors adopting revised and amended

corporate by-laws and a copy of the amended by-laws which vest within John Hancock's senior officers the authority to enter into contracts and agreements.[2] Further, defendant attaches a copy of the minutes from the December 2, 2002 board meeting at which the John Hancock Board of Directors elected Peter Mongeau as a Second Vice President, a senior officer position with authority to enter into contracts and agreements.

Having carefully reviewed the parties' submissions, and particularly the documents attached to defendant's response, the Court finds that the delegation of fiduciary responsibilities to IDR was proper. Accordingly, the Court finds that the arbitrary and capricious standard of review is the appropriate standard of review in this case.

II.     Reduction in deference

"[W]hen a serious procedural irregularity exists, and the plan administrator has denied coverage, an additional reduction in deference is appropriate." *Fought v. UNUM Life Ins. Co. of*

---

[2]Section 8.03 of the Amended By-Laws provides:
> Execution of Instruments.  The Chief Executive Officer, the President, any Vice President (including without limitation, Senior Executive Vice Presidents, Executive Vice Presidents, Senior Vice Presidents, Vice Presidents, Second Vice Presidents and Senior Managing Directors or positions of equivalent rank), the Secretary, any Assistant Secretary, the Chief Financial Officer, the Treasurer or any Assistant Treasurer may enter into any contract or execute and deliver any instrument in the name and on behalf of the Corporation. The Board of Directors, the Chief Executive Officer or the President may authorize any other officer or agent to enter into any contract or execute and deliver any instrument in the name and on behalf of the Corporation.  Any such authorization may be general or limited to specific contracts or instruments.

John Hancock Financial Services, Inc. Amended & Restated By-Laws, attached as Exhibit A to the Affidavit of Emanuel Alves, attached as Exhibit 1 to Defendant's Response Brief Regarding Standard of Review.

*Am.*, 379 F.3d 997, 1006 (10th Cir. 2004). Plaintiff asserts there are two serious procedural irregularities which warrant lessening deference: (1) disregard of established Plan standards regarding what constituted a "gainful occupation" and falsely representing to plaintiff that certain occupations were "gainful" when, under the Plan's established standards, they were not, and (2) failure to decide plaintiff's appeal in a timely fashion consistent with the requirements of federal regulations.

    A.    <u>Misrepresentation to plaintiff</u>

Plaintiff asserts that IDR misrepresented to her that employment as an insurance sales agent in Oklahoma was a "gainful" occupation in contravention of the established Plan standards regarding what constituted a "gainful occupation." Plaintiff further asserts that this misrepresentation is a serious procedural violation warranting a reduction in deference.

Having carefully reviewed the parties' submissions, the Court finds no evidence of any "misrepresentation" by IDR regarding whether employment as an insurance sales agent in Oklahoma was a "gainful" occupation. The Court finds that IDR was simply interpreting the Plan, not affirmatively misrepresenting facts to plaintiff. The Court further finds whether IDR's interpretation was a reasonable interpretation goes directly to the merits of this case and is beyond the scope of this Order.

    B.    <u>Timeliness of decision</u>

Plaintiff asserts that IDR failed to decide plaintiff's appeal in a timely fashion. The federal regulation regarding the timing of notification of benefit determination on review provides:

> the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than [45] days after receipt of the claimant's request for review by the plan, unless

> the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial [45]-day period. In no event shall such extension exceed a period of [45] days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.

29 C.F.R. § 2560.503-1(i)(1)(i).[3]  Further, for purposes of calculating time periods:

> the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing. In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

29 C.F.R. § 2560.503-1(i)(4). Finally, the Tenth Circuit has recognized that a "substantial compliance" approach may be appropriate in certain cases and that "an administrator who fails to render a timely decision can only be in substantial compliance with ERISA's procedural requirements if there is an ongoing productive evidence-gathering process in which the claimant is kept reasonably well-informed as to the status of the claim and the kinds of information that will satisfy the administrator." *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 636 (10th Cir. 2003).

---

[3] 29 C.F.R. § 2560.503-1(i)(3)(i) provides that with respect to claims for disability benefits, the time period shall be 45 days rather than 60 days for purposes of paragraph (i)(1). The Court, accordingly, has substituted 45 days for 60 days in the body of paragraph (i)(1).

Having carefully reviewed the parties' submissions, as well as the correspondence contained in the administrative record which was referenced by the parties in their submissions, the Court finds that while IDR's decision was not strictly in compliance with the applicable federal regulations, IDR was in substantial compliance.  Specifically, the Court finds that there was an ongoing productive evidence-gathering process in which plaintiff was kept reasonably well-informed as to the status of her claim and the kinds of information IDR needed before it made its decision.  On August 3, 2005, the very day after receiving plaintiff's notice of appeal, IDR confirmed receipt of the appeal and informed plaintiff of the applicable time frames.  On September 16, 2005, prior to the expiration of the 45-day time period, IDR advised plaintiff of the need for additional information and that such need constituted a special circumstance warranting a 45-day extension of time.  Further, on October 17, 2005, IDR again wrote to plaintiff advising her that her file was being sent for an independent medical review and that her appeal would be decided within 45 days of receipt of that report.  Less than 45 days after receiving the independent medical review report, IDR issued its determination.

Because this Court finds that IDR's decision was made in substantial compliance with the applicable federal regulations, the Court finds no procedural irregularity warranting a reduction in deference.

III.     Conclusion

Accordingly, the Court FINDS that the arbitrary and capricious standard of review, without a reduction in deference, is the appropriate standard of review in this case.

**IT IS SO ORDERED this 28th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE